UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-50070-01 |
| versus | JUDGE WALTER |
| DERRICK D. CHAMBERS | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Defendant's **Motion to Suppress (Doc. 17)** presents a straightforward application of the rule announced in Whren v. United States, 517 U.S. 806 (1996) that a traffic stop, even if pretextual, does not violate the Fourth Amendment if the officer making the stop has probable cause to believe that a traffic violation has occurred. Because the officers in this case had probable cause to make a traffic stop, Defendant's motion should be denied.

The evidence at the hearing shows that, on or about June 3, 2004, Officer David Derrick with the Shreveport Police Department received information that Defendant was in a vehicle that was delivering drugs to the MLK area of Shreveport. That informant could not describe the vehicle. Officer Derrick then made contact with another source in that area and asked the source to contact him if he saw Defendant. The source called back and told Officer Derrick that Defendant had been seen riding as a passenger in a late model gold Cadillac with chrome rims. Officer Derrick transmitted that information to the officers by radio.

Agent Rob Horne of the Caddo Parish Sheriff's Office spotted Defendant's Cadillac, and he and other police officers began following the car. Agent Horne then saw the car turn without using a turn signal, the first of two traffic violations observed by the officers. That information was relayed to the other officers, who were instructed to make a traffic stop. Officer David Recchia's police unit was the closest unit to Defendant's car. As he was about the make the stop, the car turned into an Otto's convenience store. Officer Recchia "bumped" his siren and activated his lights as the cars pulled into the Otto's. Officer Derrick then saw the driver of the vehicle (Ellis, a co-defendant in this case) commit the second traffic violation – failure to use his turn signal for the turn into Otto's. Ellis was issued a citation for the first traffic violation.

After the cars stopped in the parking lot, Officer Recchia and Agent Ben Raymond observed Chambers (in the passenger seat of the gold Cadillac) reach towards his waistband. For safety reasons, Officer Recchia advised the other police officers of that fact. The officers drew their weapons and removed Ellis and Chambers from the car. Chambers continued to reach aggressively towards his waistband as if he was trying to reach or hide something. Chambers was taken to the ground and handcuffed. At that point, a plastic sandwich bag containing crack cocaine fell from the inside leg area of Chambers' short pants. Chambers later made post-<u>Miranda</u> incriminating statements.

Defendant's Motion to Suppress argues that the immediate observation of a traffic violation upon notice that the occupants may have contraband suggests that the stop was

pretextual and made without any objective basis. Memorandum in Support of Motion to Suppress. Doc. 17, p. 1. Defendant argues that, while a pretextual traffic stop is not automatically violative of the Fourth Amendment, there must at least be probable cause of a violation. Defendant criticizes the <u>Whren</u> rule because, he argues, the rule allows officers to create probable cause to support a traffic stop, and that probable cause cannot be evaluated objectively by the court.

While a traffic stop for turning without using a signal may arguably be pretextual, the stop does not violate the Fourth Amendment if the officer making the stop has probable cause to believe that the traffic violation has occurred. <u>Whren</u>, 517 U.S. at 810. This is an objective test based on facts known to the officer at the time of the stop, not on the motivations of the officer in making the stop. <u>U. S. v. Escalante</u>, 239 F.3d 678, 680-81 (5th Cir. 2001). So long as a traffic law infraction that would have objectively justified the stop has taken place, the fact that the police officer may have made the stop for a reason other than the occurrence of the traffic infraction is irrelevant for purposes of the Fourth Amendment. <u>Goodwin v. Johnson</u>, 132 F.3d 162, 173 (5th Cir. 1977); <u>United States v. Gillyard</u>, 261 F.3d 506 (5th Cir. 2001) (subjective motivations of police are irrelevant as long as their conduct does not exceed what they are objectively authorized to do).

Officer Recchia candidly admitted that the police intended to stop Defendant's vehicle and were simply waiting for a Title 32 (traffic) violation to occur. He testified that the police sometimes follow a vehicle long enough to see the driver commit a traffic violation,

and then the police make the stop. In this case, the police were interested in Defendant's car because of the report that it was being used to transport narcotics. Under Whren, it is irrelevant to the Fourth Amendment inquiry that the police officers had information that the vehicle contained illegal narcotics and that the suspicion of narcotics was the true motivation for the traffic stop. A traffic violation did occur, and the police officers had probable cause to make the stop that lead to the discovery of the illegal drugs.

Accordingly,

**IT IS RECOMMENDED** that Defendant's **Motion to Suppress (Doc. 17)** be **DENIED.**

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 6th day of October, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Walter